1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL GREEN,

11             Plaintiff,                    No. 2:11-cv-0436 KJN P

12        vs.

13   A. PFADT, et al.,

14             Defendants.               ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17   pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to

18   28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19   and Local Rule 302.

20        Plaintiff has submitted a declaration that makes the showing required by

21   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

26   trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question,  id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges defendants Pfadt, Oschener and Lawrence violated plaintiff's Fourth Amendment rights by allegedly assaulting plaintiff while plaintiff was being interviewed for a bed move, subjecting plaintiff to cruel and unusual punishment in violation of the Eighth Amendment, and violating plaintiff's right to equal protection.  Plaintiff also alleges defendants Pfadt, Oschener, Lawrence, McDonald, and Guches were deliberately indifferent to plaintiff's serious medical needs.  Plaintiff states he has exhausted his administrative remedies (dkt. no. 1 at 3), but appends a Director's Level Decision that only addresses plaintiff's claims concerning the alleged use of force during the bed move interview.

The exhaustion of administrative remedies prior to bringing a prisoner civil rights action is required by 42 U.S.C. § 1997e(a).  The exhaustion requirement that it imposes is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  A prisoner is required to exhaust administrative remedies for claims contained within a complaint before the complaint is filed.  Rhodes v. Robinson, 621 F.3d at 1005.  Compliance with this requirement is not achieved by satisfying the exhaustion requirement during the course of an action.  See McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).  However, new claims based on conduct which occurs after the filing of an original complaint may be raised in an amended pleading if the administrative exhaustion requirement is satisfied prior to the time the amended pleading is filed.  See Rhodes, 621 F.3d at 1004-05.

////

1    As a general rule, inmates must proceed through the Director's Level of Review to

2 satisfy the exhaustion requirement and regardless of the relief sought.  See Booth, 532 U.S. at

3 741 (inmates must satisfy exhaustion requirement "regardless of the relief offered through

4 administrative procedures" as long as some relief is available).  However, "a prisoner need not

5 press on to exhaust further levels of review once he has either received all 'available' remedies at

6 an intermediate level of review or been reliably informed by an administrator that no remedies

7 are available."  Brown v. Valoff, 422 F.3d 926, 935 (9th Cir.2005).

8    Because it appears plaintiff failed to exhaust his administrative remedies as to

9 plaintiff's claim that defendants were allegedly deliberately indifferent to plaintiff's serious

10 medical needs,[1] plaintiff is granted leave to amend in the event plaintiff exhausted those claims

11 prior to the filing of the complaint herein.  However, if plaintiff has not exhausted his

12 administrative remedies, he should not include the deliberate indifference claim in any amended

13 complaint.

14    The court turns now to plaintiff's Fourth Amendment claim.  Plaintiff was

15 incarcerated at the time of the alleged wrongful use of force, therefore, plaintiff's right to be free

16

17    [1] Moreover, the following standards apply to deliberate indifferent to serious medical needs claims.  The government has an obligation under the Eighth Amendment "to provide medical care for those whom it punishes by incarceration."  Lopez v. Smith, 203 F.3d 1122, 1131

18 (9th Cir. 2000) (en banc).  To state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to

19 evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Indications that a prisoner has a "serious" need for medical treatment include the

20 existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an

21 individual's daily activities, or the existence of chronic and substantial pain.  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir.1992), overruled on other grounds, WMX Technologies, Inc. v.

22 Miller, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc).

     "[D]eliberate indifference to a prisoner's serious medical needs is the 'unnecessary and

23 wanton infliction of pain.'"  Estelle, 429 U.S. at 104-05.  An official is deliberately indifferent if he both knows of and disregards an excessive risk to an inmate's health.  Farmer v. Brennan, 511

24 U.S. 825, 837 (1994).  Thus, to demonstrate deliberate indifference, a plaintiff must establish that the alleged harm was "sufficiently serious" and that the official acted with a "sufficiently

25 culpable state of mind."  Id. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298, 302-03 (1991)).  Mere negligence or medical malpractice does not establish a sufficiently culpable state of mind.

26 Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980).

4

1   of excessive force derives from the Eighth Amendment, and not from the Fourth Amendment for

2   unlawful search and seizure.  See Bell v. Wolfish, 441 U.S. 520, 535-36 (1979) (detainee "may

3   not be punished prior to an adjudication of guilt in accordance with due process"); Pierce v.

4   Multnomah County, Or., 76 F.3d 1032, 1043 (9th Cir. 1996) ("[T]he Fourth Amendment sets the

5   applicable constitutional limitations on the treatment of an arrestee detained without a warrant up

6   until the time such arrestee is released or found to be legally in custody based upon probable

7   cause for arrest.").  Therefore, plaintiff has no claim under the Fourth Amendment.  Plaintiff's

8   first and second claims collapse into one claim of alleged excessive force under the Eighth

9   Amendment.  If plaintiff wishes to pursue his claim that defendants allegedly used excessive

10  force during the bed move interview, plaintiff should renew his allegations in an amended

11  complaint, but base them on a violation of the Eighth Amendment, rather than the Fourth

12  Amendment.

13          Plaintiff is advised that the following standards govern excessive force claims.

14  The use of excessive force by prison officials on a prison inmate rises to the level of cruel and

15  unusual punishment in violation of the Eighth Amendment when the action amounts to the

16  "malicious or sadistic" use of force.  Hudson v. McMillian, 503 U.S. 1, 7 (1992).  In deciding

17  whether force has been applied "maliciously and sadistically," a court will consider:  (1) the need

18  for force; (2) the relationship between the need and the amount of force used; (3) the extent of

19  the injury inflicted; and (4) whether force was applied in a good faith effort to maintain or restore

20  discipline.  Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  In this regard, plaintiff should

21  allege facts that, if proven, would indicate that the defendants' actions were unnecessary, that

22  they acted with a sufficiently culpable state of mind, or that they acted for the "very purpose of

23  causing harm."  Id.

24          Finally, plaintiff's third claim for relief attempts to allege a violation of his right to

25  equal protection of the law.  Equal protection claims arise when a charge is made that similarly-

26  situated individuals are treated differently without a rational relationship to a legitimate state

purpose.  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972) (state education-funding schemes are subject to rational basis scrutiny under the Equal Protection Clause).  In order to state a § 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000).  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Here, plaintiff's allegations do not demonstrate that: (a) plaintiff is in a protected class; (b) plaintiff or others like him were treated differently without a rational relationship to a legitimate state purpose; and (c) the defendants intentionally discriminated against him.  Thus, plaintiff has failed to allege facts giving rise to a cognizable equal protection claim under 42 U.S.C. § 1983.  Plaintiff's equal protection claim is dismissed.  Absent facts supporting each of these elements, plaintiff should not renew the equal protection claim in any amended complaint.

However, within plaintiff's equal protection claim, plaintiff alleges that defendants Oschener and Lawrence allegedly failed to protect plaintiff from defendant Pfadt's alleged assault.  Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence.  Farmer v. Brennan, 511 U.S. 825, 832-33 (1994).  To state a claim for threats to safety or failure to protect, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks.  Farmer, 511 U.S. at 834.  To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety.  Farmer, 511 U.S. at 837.  That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the

1    inference." Farmer, 511 U.S. at 837.  Therefore, plaintiff is granted leave to amend to state a

2    cognizable failure to protect claim.

3              The court finds the allegations in plaintiff's complaint so vague and conclusory

4    that it is unable to determine whether the current action is frivolous or fails to state a claim for

5    relief.  The court has determined that the complaint does not contain a short and plain statement

6    as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

7    policy, a complaint must give fair notice and state the elements of the claim plainly and

8    succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

9    allege with at least some degree of particularity overt acts which defendants engaged in that

10   support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

11   R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

12   an amended complaint.

13             If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

14   conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

15   Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

16   how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

17   unless there is some affirmative link or connection between a defendant's actions and the

18   claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

19   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

20   participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

21   268 (9th Cir. 1982).

22             In addition, plaintiff is hereby informed that the court cannot refer to a prior

23   pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

24   an amended complaint be complete in itself without reference to any prior pleading.  This

25   requirement exists because, as a general rule, an amended complaint supersedes the original

26   complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original and one copy of the Amended Complaint. Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED:  June 7, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gree0436.14

8

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL GREEN,

11             Plaintiff,                    No. 2:11-cv-0436 KJN P

12       vs.

13   A. PFADT, et al.,                       NOTICE OF AMENDMENT

14             Defendants.

15   _____/

16             Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18             _____         Amended Complaint

19   DATED:

20

21                                    _____

22                                    Plaintiff

23

24

25

26